PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. **Michael Anthony Jordan**          Docket No. <u>0650 3:13CR00097 - 5</u>

### Petition for Action on Conditions of Pretrial Release

COMES NOW **Dariel S Blackledge-White**, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant **Michael Anthony Jordan** who was placed under pretrial release supervision by the **Honorable E. Clifton Knowles, U.S. Magistrate Judge** sitting in the Court at **Nashville, Tennessee**, on **June 04, 2013**, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | March 12, 2014 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |
| Next Scheduled Court Event | **Bond Revocation** <br> Event | April 10, 2014 <br> Date |

## PETITIONING THE COURT

- ☐ No Action
- ☒ To Issue a Warrant
- ☐ To issue an order setting a hearing on the petition
- ☒ Other  The petition dated February 21, 2014, is superseded to include additional violations.

THE COURT ORDERS:
- ☐ No Action
- ☒ The Issuance of a Warrant.
  - ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshals only)
- ☒ Other *The petition is So Superseded*

☐ A Hearing on the Petition is set for

_____  _____
Date                     Time

Considered and ordered this __12th__ day of __March__, __2014__, and ordered filed and made a part of the records in the above case.

_____
Honorable E. Clifton Knowles
U.S. Magistrate Judge

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Third Superseding Petition for Action on
JORDAN, MICHAEL ANTHONY
Case No. 3:13-CR-00097-5
March 12, 2014

**The petition dated February 21, 2014, is superseded to include additional infractions of Violation Nos. 3 and 4. Additionally, the current status of the case and the probation officer's recommendation sections have been updated.**

On June 4, 2013, defendant Michael Anthony Jordan appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute and to Distribute Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances; and Buprenorphine, a Schedule III Controlled Substance. The Government did not file a Motion for Detention, and the defendant was released on a personal recognizance bond with pretrial supervision. As the defendant lives in Memphis, Tennessee, courtesy supervision was requested, and accepted in the Western District of Tennessee.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Report to the U.S. Pretrial Services as directed.**

On January 10, 2014, the supervising officer in the Western District of Tennessee attempted to contact the defendant via telephone. Mr. Jordan had failed to activate his voicemail account, and the officer was unable to leave a message. On January 10, 2014, the officer unsuccessfully attempted to contact Mr. Jordan via telephone. On January 21, 2014, the supervising officer spoke with Mr. Jordan via telephone. On January 28, 2014, the officer again unsuccessfully attempted to contact the defendant via telephone.

On February 3, 2014, the supervising officer mailed a letter to the defendant's home address that instructed him to make contact with her. On February 7, 2014, the officer again attempted to contact the defendant via telephone, to no avail.

**On February 13, 2014, the defendant failed to report to the U.S. Probation and Pretrial Services Office in Memphis, Tennessee, as directed by his supervising officer.**

**Violation No. 2: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician.**

In January 2014, Mr. Jordan advised the supervising officer that on December 25, 2013, he used

2

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Third Superseding Petition for Action on
JORDAN, MICHAEL ANTHONY
Case No. 3:13-CR-00097-5
March 12, 2014

cocaine laced with marijuana. He requested substance abuse treatment at that time. It is noted the urine sample was sent to Alere Laboratories, located in Gretna, Louisiana, for confirmation, and was returned negative for all screens.

### Violation No. 3: Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.

Mr. Jordan failed to report for urine screens as directed on July 17; August 29; September 20; and on October 7, 2013. On October 8, 2013, at approximately 9:30 a.m., the supervising officer contacted the defendant (who was in the Middle District of Tennessee for Court) via telephone and instructed him to report to the U.S. Probation and Pretrial Services Office in Nashville, Tennessee, for a drug screen on the same date. Defendant Jordan failed to report for the urine screen.

On October 9, 2013, the supervising officer instructed the defendant to report to the U.S. Probation and Pretrial Services Office in Memphis, Tennessee, for a urine screen. He reported for the urine screen and was negative for all substances. The defendant again failed to report for urine screens as directed on October 24, October 25, and December 19, 2013. This officer was not apprised of the defendant's multiple failures to appear for urine screens until February 7, 2014.

**On February 11, 2014, the defendant submitted a urine specimen that was sent to Alere for possible cocaine use. The specimen was negative for all illicit substances but was diluted.**

*Mr. Jordan missed a urine screen on February 27, 2014, and he has not complied with the supervising officer's requests for him to report to the office.*

### Violation No. 4: Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Office or supervising officer.

On January 9, 2014, Mr. Jordan admitted he had not participated in NA/AA[1] meetings as directed. He reported that the Suboxone clinic he attends does not offer substance abuse treatment. It is noted the designated federal contract treatment provider in the Western District of Tennessee does not offer drug treatment for individuals receiving Suboxone.

On January 21, 2014, the supervising officer requested that Mr. Jordan present verification of his Suboxone treatment plan. He has failed to submit this documentation. Also, he has failed to provide proof that he has applied for TennCare, which would permit him to receive substance abuse treatment from a provider that accepts patients receiving Suboxone.

---

[1] Narcotics Anonymous/Alcoholics Anonymous acronyms.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Third Superseding Petition for Action on
JORDAN, MICHAEL ANTHONY
Case No. 3:13-CR-00097-5
March 12, 2014

*On March 6, 2014, the defendant failed to report to the U.S. Probation and Pretrial Services located in Memphis, Tennessee, to begin the referral process for inpatient substance abuse treatment. He has not called the supervising officer nor responded to her requests for him to contact her.*

**Violation No. 5: The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.**

On January 23, 2014, the defendant received a citation for Driving on a Suspended License in Davidson County, Tennessee (Case No. SCE132850). He appeared at the Metropolitan Nashville Police Department on February 20, 2014, at which time he was booked. The next court date is set for April 30, 2014.

**Violation No. 6: Report, as soon as possible, in any event within 48 hours, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.**

Mr. Jordan did not report his new arrest to the supervising probation officer until February 19, 2014. He also erroneously reported his arrest date on January 16, 2014, when he actually received the citation on January 23, 2014.

**Current Status of Case:**

The bond revocation hearing on February 24, 2014, was continued until April 10, 2014, at 2:00 p.m., for a status review. Also, a jury trial is scheduled for April 22, 2014, at 9:00 a.m.

**Probation Officer Action:**

The supervising officer has continued to encourage the defendant to remain drug free, and she has made several attempts to maintain contact with the defendant and bring him into compliance with the conditions of his supervision.

On February 27, 2014, the supervising officer advised the defendant was scheduled to complete the paperwork necessary for him to attend inpatient substance abuse treatment on March 6, 2014. On February 27, 2014, at approximately 6:02 p.m., the defendant left a voicemail message for the officer. Specifically, Mr. Jordan indicated that at 5:45 p.m., he reported to the location where he was to submit a urine screen and the doors were locked. On February 28, 2014, the supervising officer contracted the facility and confirmed urine screens were administered until 6:00 p.m. and that the doors were open until that time on the previous date.

On February 28, 2014, the supervising officer unsuccessfully attempted to contact Mr. Jordan and

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Third Superseding Petition for Action on
JORDAN, MICHAEL ANTHONY
Case No. 3:13-CR-00097-5
March 12, 2014

also left a voicemail message with the defendant's girlfriend. The officer indicated that she has not seen Mr. Jordan nor received any return phone calls since March 4, 2014.

**Respectfully Petitioning the Court as Follows**:

Mr. Jordan admitted he relapsed on marijuana and cocaine in December 2013. He failed to report for several urine screens as directed and submitted a diluted screen on February 11, 2014. Although it appears defendant Jordan could benefit from substance abuse counseling, he has not participated in treatment and has not maintained contact with his probation officer to facilitate the referral process. Further, the defendant has not provided his officer with verification of a completed application for health insurance. He was also arrested in Davidson County, Tennessee, and failed to advise his officer of the new arrest for approximately one month.

As Mr. Jordan has again failed to report for urine screens, enroll in substance abuse treatment, or maintain contact with the supervising officer, it is Pretrial Services' position that he has virtually absconded from supervision. Therefore, it is respectfully requested that a warrant be issued for the defendant's arrest.

Assistant U.S. Attorney Brent Hannafan has been advised of the above violations.

Approved:

_Angela Rankin, for USPP_
Vidette A. Putnam
Supervisory U.S. Probation Officer

# UNITED STATES DISTRICT COURT

__MIDDLE__    District of    __TENNESSEE__

United States of America

V.

__MICHAEL ANTHONY JORDAN__
Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 3:13-00097-5

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                                                                              Place

_____ on _____
                                                     Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   The defendant promises to appear at all proceedings as required and to surrender

(   )   The defendant executes an unsecured bond binding the defendant to pay
                                                                            dollar            )
        in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____   _____
         Custodian or Proxy            Date

( X ) (7) The defendant shall:
- (X) (a) report to the U.S. Pretrial Services as directed, telephone number (615) 736-5771, not later than _____
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
- (X) (e) maintain or actively seek employment. *or attend school as directed*
- ( ) (f) maintain or commence an education program.
- (X) (g) surrender any passport to: *Pretrial Services*
- (X) (h) obtain no passport.
- (X) (i) abide by the following restrictions on ~~personal association, place of abode, or~~ travel: *Restricted to Middle District of TN or Western District of KY unless pre-approved for out of district travel by Pretrial Services;*
- (X) (j) avoid all contact, directly or indirectly, with any persons who are or who may become ~~a victim or~~ potential witness in the subject investigation or prosecution, ~~including but not limited to:~~ *and co-defendants without prior approval of Pretrial Services*
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
- ( ) (l) return to custody each (week) day as of ____ o'clock after being released each (week) day as of ____ o'clock for employment, schooling, or the following limited purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- ( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
- (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- (X) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
- (X) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
    - ( ) (i) Curfew. You are restricted to your residence every day ( ) from ____ to ____, or ( ) as directed by the pretrial services office or supervising officer; or
    - ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
    - ( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- (X) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. *and within 48 hrs.*
- (X) (v) Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.
- ( ) (w) _____
- ( ) (x) _____

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

### Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____June 4, 2013_____  _____
                                                                         Signature of Judicial Officer

                                                             E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
                                                                         Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL